# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILLIP J. LYONS,

    Plaintiff,

vs.

STATE OF NEVADA ex rel, c/o ORTIZ, et al.,

    Defendants.

Case No. 2:10-CV-00707-JCM-(LRL)

**ORDER**

    Defendant State of Nevada removed this action from state court to this court. Before this court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed the complaint, and plaintiff will need to amend it.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

In count 1, plaintiff claims that defendants Ortiz and Baker were deliberately indifferent to plaintiff's pain and risk to his safety. He alleges that when he was being transported, these defendants placed "black box" restraints on his wrists that caused pain, welting, swelling, and bruising. He also alleges that he was transported with two high-risk, maximum-security inmates that were infected with hepatitis C. To that extent, plaintiff has stated a claim in count 1. Plaintiff also alleges that defendants Henley, Donat, and Helling denied the grievances that plaintiff filed on this issue. Plaintiff does not have a federal constitutional right to an effective grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order). Furthermore, plaintiff appears to claim that defendants Skolnick, Henley, Donat, and Helling should be liable because of their supervisory positions.

> Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.
>
> Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."

Hansen v. Black 885 F.2d 642, 645 46 (9th Cir. 1989) (citing and quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986), and Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Plaintiff needs to allege how defendants Skolnick, Henley, Donat, and Helling were personally involved in or connected to his transportation.

In count 2, plaintiff alleges that he was strip searched outdoors, in the cold, in front of other inmates, while awaiting classification at the Lovelock Correctional Center. Plaintiff alleges that defendants Sims, Gentry, Pope, and Nielsen searched the inmates, while defendant Terance stood watch with a shotgun. Plaintiff also claims that defendants Skolnick, Cox, Palmer, and Halstead promulgated the policies or practices that allowed the search. The implementation of a policy can make a supervisor liable if the policy repudiates constitutional rights and causes the

constitutional violation. Hansen, 885 F.2d at 646. A determination of whether the strip search was constitutional requires the court to evaluate factors that the parties have not yet developed. See Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir. 1988) (citing Turner v. Safley, 482 U.S. 78 (1987)). To that extent plaintiff has stated a claim in count 2. Plaintiff also alleges that defendants Baze, Palmer, and Cox denied the grievances that plaintiff filed on this issue. Plaintiff does not have a federal constitutional right to an effective grievance procedure. Mann, 855 F.2d at 640. Plaintiff will need to allege how defendant Baze was personally involved in the strip search at Lovelock.

Count 3 concerns the confiscation of plaintiff's hot pot. Plaintiff alleges that after he arrived at the Lovelock Correctional Center, he tried to retrieve his personal property, and that defendant Vallaster gave him an unauthorized property notice stating that his hot pot had been confiscated because its wiring had been altered. Plaintiff told defendant Vallaster that he would be filing grievances on the matter. Some days later, plaintiff went to the property room to collect items that he had purchased. He alleges that he discussed the issue of the hot pot with defendant Soonwing, who was on duty at the time. Defendant Soonwing inspected the hot pot, determined that the wiring was not altered, and gave the hot pot to plaintiff. Plaintiff alleges that four days later, he went to his unit office to help another inmate with that inmate's unauthorized property. Plaintiff told defendant Terance that the other inmate would be filing a grievance, and defendant Terance also learned that plaintiff had obtained his hot pot. Defendant Terance passed on that information to defendant Vallaster, who directed defendant Gonzales to confiscate plaintiff's hot pot again. Defendants Vallaster and Terance then charged plaintiff with possession of contraband. The charges were dismissed, but plaintiff's hot pot has not been returned to him. Plaintiff has stated a claim that defendants Vallaster, Terance, and Gonzales retaliated against him for exercising his constitutional rights. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). Plaintiff also complains that defendants Baze, Palmer, and Helling denied his grievances on this issue, but plaintiff does not have a federal constitutional right to an effective grievance procedure. Mann, 855 F.2d at 640. Finally, although plaintiff has named Soonwing as a defendant, he has not alleged how defendant Soonwing violated his rights.

Count 4 involves another strip search, in the cold and in front of other prisoners, this time while plaintiff was in transit through the Ely State Prison. As with count 2, plaintiff has stated a claim against defendants Dutton, Ritchie, and Jones, who conducted the search. Plaintiff also has stated a claim against defendants Willis, Endel, McDaniel, Cox, and Skolnick, because he alleges that they promulgated the policy or practice that allowed the search.

Count 4 also concerns plaintiff's accommodations at the Ely State Prison. He spent a night in that prison's gymnasium before he continued his transportation to another prison. Plaintiff also claims in count 4 that he was not provided a toothbrush, toothpaste, and a towel. Indigent inmates have the right to personal hygiene supplies such as toothbrushes and soap. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), as amended by 135 F.3d 1318 (9th Cir.1998). However, unless plaintiff can allege other facts showing why those items were particularly necessary, deprivation of those items for one night is not a constitutional deprivation. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.").

In count 5, plaintiff alleges that an officer erred in telling family members that plaintiff was not housed at the Southern Desert Correctional Center, resulting in a missed visit. Plaintiff further alleges that he filed a grievance about the missed visit, and that defendant Adams then charged him with extortion and making threats in retaliation for filing the grievance. This part of count 5 states a claim of retaliation. See Barnett, 31 F.3d at 815-16. Plaintiff alleges that defendant Klein delivered the notice of charges to plaintiff and to the disciplinary committee, but plaintiff has not alleged any facts that indicates that defendant Klein took part in a decision to retaliate against plaintiff. Finally, plaintiff alleges that defendants Burson, Williams, and Cox denied his grievances asking that the charges be dismissed, but plaintiff does not have a federal constitutional right to an effective grievance procedure. Mann, 855 F.2d at 640. Plaintiff will need to allege how defendants Klein, Burson, Williams, and Cox were involved in these events.

In count 6, plaintiff claims that defendants Howell, Williams, Cox, and Skolnick developed a policy that allowed prison staff to refuse to issue toilet paper to plaintiff. Plaintiff also claims that on February 4, 2010, defendants Jones and Ferber refused to issue plaintiff any toilet

paper. In contrast with the one-night deprivation of a toothbrush, toothpaste, and a towel alleged in count 4, which needs further allegations of fact, the court can easily imagine how even a one-day deprivation of toilet paper might be a constitutional problem. See Keenan, 83 F.3d at 1083. Count 6 states a claim.

In count 7, plaintiff claims that defendant Burson violated his rights guaranteed by the First Amendment because she required him to pay to participate in the Islamic festival of Eid. That part of the count states a claim. Plaintiff also claims that defendant Cox denied his grievance on the matter, but plaintiff does not have a federal constitutional right to an effective grievance procedure. Mann, 855 F.2d at 640. Plaintiff will need to allege how defendant Cox was involved in the requirement that he pay to participate in Eid.

Plaintiff has submitted a motion to compel notice of acceptance of service (#7), and defendants have filed an opposition (#9). The court will wait until plaintiff has submitted his amended complaint to determine which defendants need to be served.

IT IS THEREFORE ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of counts 1, 2, 3, 4, 5, and 7 from this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-00707-JCM-(LRL), above the word "AMENDED."

IT IS FURTHER ORDERED that plaintiff's motion to compel notice of acceptance of service (#7) is **DENIED**.

DATED:   July 28, 2010

_____
JAMES C. MAHAN
United States District Judge