# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILLIP J. LYONS,

    Plaintiff,

vs.

STATE OF NEVADA ex rel, c/o ORTIZ, et al.,

    Defendants.

Case No. 2:10-CV-00707-JCM-(LRL)

**ORDER**

    Presently before the court is plaintiff Phillip J. Lyons' motion for disqualification of judge pursuant to 28 U.S.C. § 455(a). (Doc. #23). No opposition to this motion has been filed.

    Under 28 U.S.C. § 144 and 455(a) and (b)(1), "[a] judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco*, Inc., 842 F.2d 1034, 1045 (9th Cir. 1987). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Pesnell v. Arsenault*, 543 F.3d 1044 (9th Cir. 2008); *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). Judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Id.* at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir.1994).

    In the present motion (doc. #23), plaintiff alleges that the presiding judge has a "propensity...to render adverse decisions against plaintiff," and that he should recuse himself from the present case as well as two other cases before him to "avoid an[y] further appearance of impartiality." Lyons attempts to support his allegations with the fact that the Ninth Circuit Court of

Appeals filed a memorandum (doc. #144) in one of plaintiff's other cases, *Phillip J. Lyons VS Patricia Leonhardt, et al.* (3:05-cv-00400-JCM-VPC), partially reversing a summary judgment order against him on his deliberate indifference claim as to defendant Dr. John Scott, and on his First Amendment claim as to defendants Jay Barth, Paul Lunkwitz, and Santerren Ward. In the memorandum, the Ninth Circuit held that the summary judgment motion raised "a genuine issue of material fact as to whether Lyons had a serious medical need arising from the abrupt cessation of his prednisone medication and whether senior physician Dr. Scott was deliberately indifferent to that need." (Doc. #144). The appellate court upheld this court's order granting summary judgment on all other claims. *Id*.

In another related case, *Lyons v. State Of Nevada et al* (2:10-cv-01363-JCM-GWF), plaintiff argues that his complaint was wrongly dismissed with prejudice, and that he "fully expects a reversal and remand of that case by the higher court." (Doc. #23). In this court's screening order (doc. #5), it held that plaintiff purported to seek declaratory judgment, but claimed Fourteenth Amendment violations, which should be filed on a court approved form. LSR 2-1("A civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court.").

Despite the plaintiff's failure to comply with the rules, the court reviewed the complaint and determined that the plaintiff had failed to state a claim upon which relief could be granted. (Doc. # 5). Specifically, the court held that the plaintiff's Fourteenth Amendment claim challenging the constitutionality of the kidnapping statutes was improper, because when a prisoner "raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir.1990), cert. denied 11 S.Ct. 1090 (1991). As the court found that "amendment would be futile," it dismissed the complaint without leave to amend. (Doc. #5).

With regards to the present case, *Lyons v. State Of Nevada, et al.* (2:10-cv-00707-JCM-LRL), plaintiff contends that the judge dismissed six of his seven counts "simply because plaintiff did not amend his complaint during the time in which plaintiff's rule 60 motion for review (doc. #15) was pending decision by this court." (Doc. #17). However, the court

ordered (doc. #11) that "[p]laintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. *Failure to comply with this order will result in the dismissal of counts 1, 2, 3, 4, 5, and 7 from this action*." (Emphasis added). As plaintiff concedes, he failed to amend his complaint as ordered, and the court held that since he did not take the opportunity, the court "will not re-write those counts for him," but "will dismiss those counts." (Doc. #17).

The judge's rulings on a prior proceeding in this case and others filed by the plaintiff do not support a finding that the judge possesses a "deep-seated favoritism" or personal bias against the plaintiff, and do not rise to a level that would be sufficient to warrant recusal or reassignment. *Pesnell*, 543 F.3d 1044; *Liteky*, 510 U.S. 540, 544-56. To the contrary, each of the judge's rulings were objective and provided the plaintiff, where appropriate, the ability to cure defects in his complaint and the necessary information regarding the proper remedy to seek. Without a finding of bias or favoritism, this court is not inclined to grant the motion for disqualification.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff Phillip J. Lyons' motion for disqualification of judge pursuant to 28 U.S.C. § 455(a) (doc. #23) be, and the same hereby is, DENIED.

DATED May 3, 2011.

_____
UNITED STATES DISTRICT JUDGE