1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9   PHILLIP J. LYONS,

10          Plaintiff,                            Case No. 2:10-CV-00707-JCM-(LRL)

11   vs.                                          **ORDER**

12   STATE OF NEVADA ex rel, c/o ORTIZ, et
     al.,

13          Defendants.

14

15

16

17          Presently before the court is plaintiff Phillip J. Lyons' motion for rule 54(h) certification and

18   final judgment as to counts 1,2,3,4,5, and 7 and denial of first amended complaint. (Doc. #27).

19   Defendants State of Nevada et al, filed an opposition. (Doc. #28). Plaintiff filed a reply. (Doc. #31).

20          Also before the court is defendants' motion for summary judgment. (Doc. #29). Plaintiff

21   filed an opposition (doc. #33) and a motion to file supplement (doc. #34). Defendants filed a reply

22   (doc. #35), and plaintiff filed a sur-reply (doc. #36). Defendants filed a motion to strike the sur-reply

23   (doc. #38), plaintiff filed an opposition (doc. #39), and defendants filed a reply (doc. #40).

24          In the present action brought by inmate Phillip J. Lyons (doc. #1-2), he alleges seven claims

25   for relief relating to his treatment while in custody at the Southern Desert Correctional Center in

26   Indian Springs, Nevada. In the court's screening order (doc. #11), the court dismissed all of the

27   plaintiff's claims except for the sixth. The court gave plaintiff thirty (30) days from the date of the

28   order to submit an amended complaint in the event that he could cure the deficiencies. (Doc. #11).

1   The plaintiff was also provided with a civil rights complaint form with instructions. (Docs. #11-1

2   and #11-2).

3          Rather than filing an amended complaint as directed, plaintiff filed a motion for relief (doc.

4   #12), which was denied by the court (doc. #14). Subsequently, plaintiff filed another motion asking

5   the court to reconsider its order, once again in lieu of following the instructions of the court. (Doc.

6   #15). The court entered an order (doc. #17) denying the motion and dismissing several named

7   defendants and counts 1,2,3,4,5, and 7 for failure to state a claim. Plaintiff then filed a motion for

8   relief from the order (doc. #18) and a motion to amend or correct complaint (doc. #19). The court

9   denied both motions. (Doc. #24).

10          In the present motion for certification (doc. #27), plaintiff asks this court to enter final

11   judgment on the dismissed counts and the order denying his motion to amend, so that he can appeal

12   them to the Ninth Circuit. He contends that the remaining count, count six, is "totally unrelated" to

13   the dismissed counts and that there "is no just reason for delaying a final judgment on those

14   dismissed counts until count six is concluded."

15          In opposition (doc. #28), remaining defendants assert that their motion for summary

16   judgment on count six (doc. #29) makes the motion for certification moot. They argue that it would

17   not be "sound judicial administration" for this court to certify prior to addressing their motion (doc.

18   #29). As first certifying the dismissal and the denial of the motion to amend, and then ruling on the

19   dispositive motion would possibly create piecemeal appeals, the court is inclined to first address the

20   motion for summary judgment (doc. #29) and the corresponding motions (docs #34 and #38)

21   **Motion to File Supplement (doc. #34) and Motion to Strike Sur-Reply (doc. #38)**

22          In plaintiff's motion to file a supplement to his opposition (doc. #34), he asserts that he

23   "mistakenly neglected to include and point out relevant facts related to his response to [d]efendants'

24   argument against his entitlement to pursue punitive damages against" the defendants. He contends

25   that at that time no reply had been filed in response to his opposition, and that defendants would not

26   be prejudiced in any way. Further, he attached the proposed supplement to the motion. (Doc. #34).

27   Any opposition to the motion was due on June 3, 2011. Defendants did not oppose the motion. The

28   court is inclined to permit plaintiff to file the supplement.

1    Having not opposed the supplement, defendants filed their reply (doc. #35) in support of the

2    motion for summary judgment on May 25, 2011. Subsequently, plaintiff filed a sur-reply (doc. #36)

3    to the defendants' reply. (Doc. #36). Defendants then filed a motion to strike the sur-reply (doc.

4    #36). Defendants assert that the sur-reply should be stricken because (1) plaintiff has already filed a

5    supplement to his opposition, (2) Local Rule 7-2 and this court's minute order (doc. #30) provide

6    only for the filing of a motion, a response, and a reply, and (3) plaintiff has not sought leave of the

7    court to file the motion. The court agrees, and is not inclined to consider the arguments in plaintiff's

8    sur-reply (doc. #36). Thus, the defendants' motion (doc. #38) to strike the sur-reply is granted.

9    **Motion For Summary Judgment (doc. #29)**

10    In defendants' motion for summary judgment (doc. #29), they provide the court with a

11    plethora of reasons warranting summary judgment on plaintiff's sixth claim for relief. In his

12    remaining claim, plaintiff alleges that defendants "promulgated or permitted a policy that allowed

13    prison staff to refuse or deny [p]laintiff and inmates in general toilet paper on an as-needed basis."

14    He asserts that this violated his federal constitution, state constitution, and state statutory rights.

15    Prior to filing the complaint, plaintiff filed inmate grievances at the first and second levels

16    regarding his denial of additional toilet paper. (Doc. #29). Remaining defendants Jerry Howell,

17    Brian Williams, and James Cox responded to the plaintiff's grievances at different levels of the

18    process. *Id.* Defendant Howard Skolnik was the director of the Nevada Department of Corrections

19    during this time. Defendants contend that it is undisputed that "at all relevant times, [plaintiff] was

20    provided with one roll of toilet paper per week," and that he "could have purchased additional

21    rolls...at the inmate store," but chose to purchase "junk food," such as "chips, popcorn, and

22    barbeque sauce instead." *Id.* (Exhibit A).

23    In contrast, plaintiff argues that several of the purported "undisputed facts" stated by the

24    defendants are in fact disputed, warranting a denial of the motion for summary judgment. (Doc.

25    #33). Specifically, he contends that he was not provided one roll of toilet paper per week every

26    week, and that he was unable to get toilet paper on several occasions due to the inmate store running

27    out, his denial of access to the store, or the inmates having to wait weeks to receive their orders.

28    (Doc. #33). Further, he asserts that two prisoners were in each cell and given, at the most, only one

1  roll per week, regardless of their individual needs. *Id.* Additionally, he contends that a "black market
2  was created," where inmate porters began selling other needy prisoners toilet paper from the "ready
3  supply of additional toilet paper kept in the nearby unit storerooms." *Id.* Lastly, he argues that there
4  were times where he and other inmates were indigent and could not afford to purchase their own
5  toilet paper. *Id.*

6      Summary judgment is appropriate when, viewing the facts in the light most favorable to the
7  nonmoving party, there is no genuine issue of material fact which would preclude summary
8  judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Federal Rule of
9  Civil Procedure 56©; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);
10  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The
11  purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see
12  whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of*
13  *Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir.1985).

14      The moving party bears the burden of informing the court of the basis for its motion,
15  together with evidence demonstrating the absence of any genuine issue of material fact.  *Celotex*
16  *Corp.v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it is
17  entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions,
18  answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue
19  for trial."  *Celotex Corp.*, 477 U.S. 317, 324; Fed. R. Civ. P. 56©.

20      Here, defendants contend that summary judgment is appropriate because (1) defendants
21  cannot be sued in their official capacities for monetary relief, (2) the denial of inmate grievances
22  alone is insufficient to establish personal participation under 42 U.S.C. § 1983, (3) the plaintiff was
23  not subjected to cruel and unusual punishment by being given only one roll of toilet paper, (4)
24  defendants are entitled to qualified immunity, (5) plaintiff cannot recover compensatory damages
25  due to his inability to show more than *de minimis* physical injury, (6) plaintiff is not entitled to
26  punitive damages because no evil motive or intent was demonstrated, and (7) *pro se* civil rights
27  litigants are not entitled to attorneys' fees.

28

-4-

**A.    Official Capacity**

In plaintiff's complaint (doc. #1-2), he asserts his sixth claim against the remaining defendants in their official capacity, as well as their individual capacity. In the prayer for relief with respect to the sixth claim, plaintiff asks for general, compensatory, and punitive damages against the defendants. Further, he seeks an injunction ordering defendant Skolnik to review and implement a training procedure for his staff regarding rights of prisoners.

A lawsuit for monetary relief against a state official in his or her official capacity is a lawsuit against the official's office rather than a lawsuit against the official. *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989). Further, state officials acting in their official capacities are not "persons" under 42 U.S.C. § 1983. *Id.* at 71. In the case before this court, remaining defendants assert that they were acting in their official capacities in the allegations, and therefore, dismissal in their official capacities is warranted.

Plaintiff contests this argument, and contends that "because [he] seeks declaratory and injunctive relief against [d]efendants with respect to count VI, the law allows [him] to proceed against defendants for such relief in their official capacities." He relies on the case of *Brandon E. ex. rel. Listenbee v. Reynolds,* 201 F.3d 194, 197-198 (3d. Cir. 2000) in his assertion. The court is unable to find where plaintiff seeks declaratory relief in his complaint, and only finds a request for injunctive and monetary relief. (Doc. #1-2). With regards to the injunctive relief, the court in *Brandon E. ex. rel. Listenbee,* specifically stated that the amendment to § 1983 "limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate." *Brandon E. ex. rel. Listenbee*, 201 F.3d 194, 198.

Here, declaratory relief is neither sought nor adequate. Further, plaintiff seeks injunctive relief only against defendant Skolnik. The other remaining defendants, Jerry Howell, Brian Williams, and James Cox, cannot be sued in their official capacity for monetary relief. *Will,* 491 U.S. 58. Therefore, summary judgment is appropriate on plaintiff's sixth claim against defendants Howell, Williams, and Cox, in their official capacities.

. . .

. . .

**B.     Personal Participation/Causation**

Defendants and plaintiff both agree that there are two required elements of a section 1983 claim; "(1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Cmty. Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Further, the causal connection may be established by "some kind of *direct personal participation* in the deprivation" or by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (Internal citation omitted)(emphasis added).

The defendants contend that the they merely denied the plaintiff's grievances, and this alone "is insufficient to establish personal participation under 42 U.S.C. § 1983." *Rider v. Werholtz*, 548 F.Supp.2d 1188, 1201 (D. Kan. 2008); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)(holding that the denial of prisoner grievances does not constitute a substantive constitutional claim). They assert that "plaintiff must prove that the defendant[s'] actions [were] the cause in fact and the proximate cause of his injury." *Arnold v. Int'l Bus. Machs. Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981). Since the remaining defendants were not those that denied him the toilet paper, they argue that there is no connection or participation on their part.

Plaintiff accuses the defendants of being aware of the toilet paper policy, condoning it in their respective responses to his grievances, and "actually [being] responsible for it." Thus, he asserts, they participated in the deprivation and were connected to his injury. In the remaining defendants' responses (doc. #29-1 Exhibit A) to the plaintiff's grievances, they ask him to "provide documentation that lists toilet paper as a necessity of life," assert that he was "given his weekly allotment," and state that if it is not enough that he should "purchase what [h]e need[s] from the inmate [s]tore." Further, defendants contend that his rights are not being violated, and explain to him that he is not indigent and has "the means to purchase toilet paper instead of [his] recent purchases of junk food, chips, popcorn, [and] barbeque sauce." (Doc. #29-1 Exhibit A).

In reply to plaintiff's arguments (doc. #35), defendants assert that they are entitled to a "wide-ranging deference" as to the operations at the correctional center, including limiting the

1   inmates to one toilet paper per week. *Bell v. Wolfish,* 411 U.S. 520, 547-548 (1979). They provide

2   the court with an affidavit (doc. #35-1 Exhibit B) from Brian E. Williams, the warden at the

3   Southern Desert Correctional Center, stating that the determination of one roll per week was "based

4   upon research regarding the human consumption of toilet paper, the fact that some inmates misuse

5   the toilet paper they are provided with by creating unauthorized contraband and/or mismanaging

6   their weekly allotment, and cost saving considerations."

7       As it has been demonstrated to the court that the rationing of the toilet paper is directly

8   related to safety issues in the facility, the court will afford the defendants the deference deserved.

9   *Bell,* 411 U.S. 520, 547-548. Therefore, the court finds that the defendants were simply following

10  the legitimate regulations of the prison in their responses to the grievances, and were not

11  participating in a scheme to deprive plaintiff of any of his constitutional rights. Defendants did not

12  have some sort of "direct personal participation" in the alleged deprivation simply by addressing

13  plaintiff's grievances and informing him of the rules and procedures. Absent a casual connection

14  between the denial of the grievances and the alleged deprivation, plaintiff's claim under § 1983

15  cannot survive.

16      **C.    Eighth Amendment**

17      Cruel and unusual punishment claims can survive only if the deprivation is "objectively,

18  sufficiently serious," whereby the conditions are posing a "substantial risk of serious harm," and the

19  actions of the prison officials result in the denial of the "minimal civilized measure of life's

20  necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Further, only the "unnecessary and

21  wanton infliction of pain" by a prison official with a "sufficiently culpable state of mind" showing

22  "deliberate indifference" to the inmate's safety or health will constitute cruel and unusual

23  punishment. *Id.* at 839-840. Although a prison must provide the inmates with discrete basic human

24  needs, an institution's obligation under the Eighth Amendment is met if it provides inmates with

25  adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v.*

26  *McCarthy,* 801 F.2d 1080, 1107 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); *Hoptowit v.*

27  *Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982).

28

1         Here, not only is there a legitimate reason for limiting the toilet paper rolls (doc. #35-1

2  Exhibit A) which should be afforded the deference it deserves, but plaintiff has not demonstrated

3  the requisite "serious," "substantial harm," or "the wanton infliction of pain" on the part of the

4  defendants. *Bell,* 411 U.S. 520, 547-548; *Farmer,* 511 U.S. 825, 834, 839-840. Therefore, summary

5  judgment is warranted on plaintiff's claim under the eighth amendment for deliberate indifference

6  and cruel and unusual punishment.

7        **D.**    **Qualified Immunity**

8         Qualified immunity extends to prison officials, officers, and administrators, and protects

9  "government officials from liability for civil damages insofar as their conduct does not violate

10  clearly established statutory or constitutional rights which a reasonable person would have known."

11  *Procunier v. Navarette,* 434 U.S. 555, 561 (1978); *Pearson v. Callahan,* 555 U.S 223

12  (2009)(internal citations omitted). Defendants assert that summary judgment is appropriate because

13  they are entitled to qualified immunity. However, since the court granted summary judgment with

14  regards to plaintiff's remaining count because his claims under § 1983 and the Eighth Amendment

15  fail, the court need not address qualified immunity at this time. Additionally, the court need not

16  address defendants' alternative arguments summary judgment.

17        **E.**    **Attorney's Fees**

18         Plaintiff Lyons asks this court for attorney's fees in his complaint. First, attorney's fees are

19  not available to *pro se* litigants such as the plaintiff. 42 U.S.C. § 1988; *Kay v. Ehrler,* 499 U.S. 432

20  (1991). Second, even if plaintiff retained counsel, attorney's fees would not be appropriate because

21  the court has ruled against plaintiff.

22  **Motion For Certification (doc. #27)**

23         As previously stated, plaintiff seeks certification and final judgment of his dismissed counts

24  and the order denying his motion to amend, that so he can appeal them to the Ninth Circuit. Further,

25  he contends that there "is no just reason for delaying a final judgment on those dismissed counts

26  until count six in concluded." In light of the court's above ruling the motion to dismiss, the motion

27  for certification is moot.

28

1    Accordingly,

2        IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to file

3    supplement (doc. #34) be, and the same hereby is, GRANTED.

4        IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's sur-reply (doc.

5    #38) be, and the same hereby is, GRANTED. Plaintiff's sur-reply (doc. #36) is hereby STRICKEN.

6        IT IS FURTHER ORDERED that defendants' motion for summary judgment (doc. #29) be,

7    and the same hereby is, GRANTED.

8        IT IS THEREFORE ORDERED that plaintiff Phillip J. Lyons' motion for rule 54(h)

9    certification and final judgment as to counts 1,2,3,4,5, and 7 and denial of first amended complaint

10   (doc. #27) be, and the same hereby is DENIED as moot.

11       DATED August 9, 2011.

12

13

14                                                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28