UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP J. LYONS, | Case No. 2:10-CV-707 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, ex rel, et al., | |
| Defendant(s). | |

Presently before the court is defendant State of Nevada's (hereinafter "defendant") partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc # 103). Plaintiff Phillip Lyons (hereinafter "plaintiff") filed an opposition. (Doc. #107). Defendant has not filed a reply.

**I.      Background**

This is a *pro se* civil rights action in which plaintiff filed a complaint alleging eleven civil rights violations that purportedly occurred while plaintiff was in state custody. (Doc. #72). Plaintiff alleges that these violations took place between May 9, 2008, and the present while plaintiff was housed at Nevada State Prison ("NSP"), Ely State Prison ("ESP"), and Southern Desert Correctional Center ("SDCC").

Defendant moves to dismiss counts II and IV against defendant Helling and count V against defendant Willis. Count II alleges a violation of the Eighth Amendment for cruel and unusual punishment and Fourteenth Amendment due process violations. Count IV alleges a violation of the First Amendment for retaliation and Fourteenth Amendment due process violations. Count V alleges a violation of the Eighth Amendment for cruel and unusual punishment and Fourteenth Amendment due process violations.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678-79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679.

## III. Discussion

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

**A. *42 U.S.C. § 1983***

To establish a cognizable claim under section 1983, a plaintiff must allege two elements: (1) that the defendant violated a right secured by the Constitution and laws of the United States, and (2) that the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Liability under section 1983 arises only upon personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Further, because there is no respondeat superior liability under section 1983, a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A person participates, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

**B. Count II**

In Count II, plaintiff alleges that defendant Helling is liable because he "promulgated or permitted policies, practices, or customs that allow[ed] Defendants Ortiz and Baker to subject plaintiff to the application of a torturous black box restraint device for around four hours." (Doc. #72). Plaintiff further alleges that defendant Helling "endanger[ed] plaintiff's health and safety by transporting him in close person-to-person proximity with two, high risk, maximum custody prisoners inflicted with transferrable Hepatitis C disease." (Doc. #72).

Plaintiff has failed to establish a causal connection other than the fact that defendant Helling was in a supervisory role while plaintiff was incarcerated. Further, plaintiff has failed to provide any evidence that defendant Helling participated in any manner in the deprivation of which plaintiff complains. Allegations such as these are nothing more than a label and a conclusion, the exact type of allegation *Twombly* depicts as insufficient to survive a motion to dismiss.

James C. Mahan
U.S. District Judge

- 3 -

By stating that defendant Helling "promulgated and permitted" the policies that led to the alleged deprivation, plaintiff merely gives a conclusion with no causal connection. Plaintiff has not provided any evidence of the alleged "promulgation and permission" of such policies. Therefore, defendant Helling cannot be held liable under section 1983. For these reasons, the court will dismiss count II against defendant Helling.

### C. Count IV

In Count IV, plaintiff alleges he was "denied and deprived of his rights to file prison grievances, to utter verbal grievances, and liberty of speech." (Doc. #72). Plaintiff asserts that he was deprived of these rights when "defendants Baze, Palmer, and Helling conspired with defendant Vallaster after the fact by condoning the retaliatory actions of defendant Vallaster and by defendant Helling falsely accusing plaintiff of attempting to compromise defendant Soonwing."

Plaintiff's claim of conspiracy against defendant Helling falls short of a legally cognizable right of action. Plaintiff fails to provide any evidence of an agreement between defendant Helling and defendant Vallaster. Instead, plaintiff merely states that defendant Helling "condoned the retaliatory actions and falsely accused plaintiff of attempting to compromise another corrections officer."

The allegations set forth in count IV are conclusory recitations of the elements and are therefore not entitled to the presumption of truth. *See Starr v. Baca*, 652 F.3d 1202, 1214 (9th Cir. 2011). Plaintiff fails to provide evidence of a conspiracy to retaliate, therefore, defendant Helling cannot be held liable for count IV. For these reasons, the court will dismiss count IV against defendant Helling.

### D. Count V

Count V stems from the transport of plaintiff from the Lovelock Correction Center to the Ely State Prison ("ESP"). Plaintiff alleges upon arrival at the ESP, he was subject to a strip search in a hallway with a large door left open, exposing him to the winter weather. (Doc. #72).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   Plaintiff further alleges that the next morning, while waiting to be transported to another correctional facility, he was forced to sit on a cold concrete floor for approximately two hours. (Doc. #72). Plaintiff argues that this constituted cruel and inhumane treatment under the Eighth Amendment. Further, plaintiff claims that defendant Willis knew or should have known that these actions constituted deliberate indifference to plaintiff's health and safety and violated plaintiff's rights against cruel and inhumane treatment. (Doc. #72).

In *Starr v. Baca*, the court determined that a "defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" 652 F.3d at 1207 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). The court added that a plaintiff must show that the supervisor breached a duty to plaintiff which was the proximate cause of the injury. *Id.*

The requisite causal connection can be established by setting in motion a series of acts of others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Starr*, 652 F.3d at 1207-08. The court in *Starr* held that "acquiescence or culpable indifference" may suffice to show that a supervisor "personally played a role in the alleged constitutional violations." *Id.* at 1208.

Plaintiff alleges that defendant Willis knew of, condoned, and willfully agreed to subject him to the conditions that constituted the alleged deprivation. In *Iqbal*, the plaintiff alleged that the conditions were harsh and that he was subjected to such conditions solely on account of his religion, race, and/or national origin, rather than a legitimate penological interest. 556 U.S. at 680. In *Iqbal*, the court found that these allegations amounted to nothing more than a formulaic recitation of the elements, and that their conclusory nature disentitled them to the presumption of truth. *Id.*

The court must then consider whether the allegations, assumed to be true, plausibly suggest an entitlement to relief. In the instant case, the allegations are "bald" and "conclusory" and thus are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681.

James C. Mahan
U.S. District Judge

- 5 -

This case can be distinguished from *Starr*, where the plaintiff specifically alleged numerous incidents in which inmates in Los Angeles County jails were killed or injured due to the culpable actions of Sheriff Baca's subordinates. 652 F.3d at 1216. Here, plaintiff simply alleges that defendant Willis is liable because he was in a supervisory role when plaintiff suffered an alleged deprivation. This logic is insufficient to find defendant Willis liable under section 1983.

Ultimately, plaintiff has failed to provide evidence to support his allegations against defendant Willis. The allegations contained in counts II, IV, and V do not rise to the pleading standard established in *Twombly*. For these reasons, counts II, IV, and V of plaintiff's complaint will be dismissed against defendants Helling and Willis.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's partial motion to dismiss, (doc. #103), be, and the same hereby is, GRANTED.

DATED September 11, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**